NO. 07-02-0418-CR


 

IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 28, 2003



______________________________




NEDIEM MAHMOUD SAADEDDINE, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 163RD DISTRICT COURT OF ORANGE COUNTY;



NO. B010142-R; HONORABLE DENNIS POWELL, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Nediem Mahmoud Saadeddine appeals from a conviction and sentence
in the 163rd District Court of Orange County, Texas (the trial court), for aggravated sexual
assault. His appellate attorney has filed a brief indicating that in counsel's opinion, the
appeal is meritless. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d
493 (1967). In the introduction to the Anders brief, counsel recites that appellant was
convicted of aggravated sexual assault. In the Statement of the Nature and Result of the
Case however, counsel states that appellant was indicted for the offense of burglary of a
habitation. The clerk's record shows that appellant was indicted for an incident on or
about September 20, 2000. Appellant's brief recites that the burglary of a habitation
occurred on September 27, 1997. The brief recites that appellant pled guilty on April 11,
2001, while the reporter's record shows that the guilty plea occurred on April 9, 2001. 

 The substantive portion of appellant's brief is one page. An additional page
contains counsel's certification that he has diligently reviewed the record, formed the
opinion that the appeal is without merit, and that he has advised appellant of appellant's
rights. 

 Prior to concluding that an appeal is frivolous, appellate counsel must make a
diligent and thorough evaluation of the case. See McCoy v. Court of Appeals of
Wisconsin, Dist. 1, 486 U.S. 429, 438, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988). The
appellate lawyer must master the trial record, thoroughly research the law, and exercise
judgment in identifying the arguments that may be advanced on appeal. Id. If the attorney
determines there are no arguments to be made on behalf of the client, the attorney is
required to so advise the appellate court and seek leave to withdraw as counsel. See id.
at 438-439, 108 S.Ct. 1895.

 The brief filed on behalf of appellant does not show that counsel has fulfilled his
duties to his client. At a minimum, the brief demonstrates that counsel either has not
exercised diligence in thoroughly researching and mastering the record, or has not
exercised diligence in formulating and exhibiting in the appellate brief that he has
researched and mastered the record.

 Counsel has set out his professional opinion that the appeal does not have merit. 
He has not, however, filed a motion to withdraw. 

 This appeal is abated and the cause is remanded to the trial court. Upon remand,
the judge of the trial court is directed to replace appellant's current counsel with new
appellate counsel. 

 The trial court is directed to: (1) conduct any necessary hearings; (2) if any hearings
are held, to make and file appropriate findings of fact, conclusions of law and
recommendations, and cause them to be included in a supplemental clerk's record; (3)
enter any orders appropriate; (4) cause any hearing proceedings to be transcribed and
included in a reporter's record; and (5) have a record of the proceedings made to the
extent any of the proceedings are not included in the supplemental clerk's record or the
reporter's record. In the absence of a request for extension of time from the trial court, the
supplemental clerk's record, reporter's record, and any additional proceeding records,
including any orders, findings, conclusions and recommendations, are to be sent so as to
be received by the clerk of this court not later than September 19, 2003. 

 Per Curiam

Do not publish.